(No. 76-CV-1277 — )

IN RE APPLICATION OF CHARLES CONTI

*Order filed October 23, 1978.*

POCH, J.

This claim arises out of a criminal offense that occurred on October 11, 1975, in the 2600 block of North Southport Ave., Chicago, Illinois. The Claimant seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," hereafter referred to as the Act *(Ill. Rev. Stat., Ch. 70., Sec. 71, et seq.).*

Based on the investigatory report of the Attorney General the claim was denied on January 31, 1978, on the ground that the Claimant did not incur a pecuniary loss of $200.00 or more atributable to a violent crime.

The Claimant objected to this order and requested a full hearing on the merits. This claim was assigned to a Commissioner and a hearing was held on August 9, 1978, before Commissioner Leo J. Spivack where the following facts were established by a preponderance of the evidence:

The Claimant, Charles Conti, was the victim of a violent crime as defined in Sec. 2(c) of the Act to wit: Aggravated Battery *(Ill. Rev. Stat., Ch. 38, Sec. 12-4).*

As the result of being beaten and robbed on October 11, 1975, the Claimant incurred medical and hospital expenses in the treatment of his broken jaw and head injuries. He seeks compensation for only these expenses. He suffered no loss of income because he had been unemployed for over six months prior to the offense.

On or about December 6, 1975, Detective Ley called Claimant to set up an interview date but was told that Claimant, on advice of counsel, was to make no statement or give any information.

(c) On or about December 6, 1975, Sargent James Tellme, in charge of the homocide investigation, detailed officers to interview Claimant. Such interview was never had, due to the officers inability to contact Claimant.

3. Claimant has not cooperated fully with the authorities in and about the investigation of the crime and the apprehension of those responsible, as is required by the letter of the statute.

Based on the foregoing, the Court finds no reason to modify its order of July 10, 1978.